H & P COMPANY, Respondent, v. PABST MOTORS, INC.,
Appellant.

*No. 107. Argued September 29, 1969.—Decided October 28, 1969.*
(Also reported in 171 N. W. 2d 412.)

318

For the appellant there was a brief by *Charne, Glassner, Tehan, Clancy & Taitelman,* and oral argument by *Ronald S. Jacobs,* all of Milwaukee.

For the respondent there was a brief by *Pfannerstill, Camp & Tyson* of Wauwatosa, and oral argument by *John Camp.*

ROBERT W. HANSEN, J.   The county court held the plaintiff was entitled to recover under the lease.   The circuit court held that plaintiff's recovery rested upon defendant's responsibility for the damage caused under the law of negligence.   From both conclusions and the single result reached in both courts, the defendant appeals.

In stating the reasons for its decision, the county court stated that it construed the paragraph in the lease covering maintenance costs to mean ". . . . that the defendant agreed to pay all the maintenance costs and expenses of every kind and description, and that this item here, upon which the plaintiff is suing here, comes under that clause. . . ."

There was no dispute as to the terms of the lease or contract, nor as to the plaintiff having had the premises repaired and having paid the expense involved.   Correctly, the county court found the issue to be whether the expense incurred fit within the phrase in the lease: ". . . maintenance costs and expenses of every kind and description," and not within an exception clause relating to ". . . major repairs to the roof or walls. . ."   The conclusion reached, that the work done fell within the maintenance costs provision, is more in the nature of a conclusion of law rather than a finding of fact.   As such it is not entitled to the "great weight and preponderance" test on review.   (*See Boutelle v. Chrislaw* (1967), 34 Wis. 2d 665, 150 N. W. 2d 486.)   This court is to review the conclusion reached and the evidence upon which it is based.

To capsulize the fact situation involved, it appears that to alleviate a water seepage problem, the plaintiff installed a sewer system which carried the water which seeped through a wall to a manhole somewhere in the

floor of the basement. A sublessee of defendant dug a pit in the floor to accommodate one of its machines. In so doing, it severed the sewer line. The hole involved was not in the wall, but in the floor alongside the wall. When defendant regained possession of the premises from the sublessee, it filled in the hole without repairing the sewer line. Plaintiff then hired a contractor to re-excavate the pit, and repair and replace the sewer line. Defendant's position is that the repair involved was to the wall. Plaintiff's witnesses stated that the repair was to the floor, not the wall. Viewed either as a finding of fact or as a conclusion of law, there is ample evidence in the record to sustain the county court's holding that the repair was to the floor, not the wall, and covered by the covenant in the lease. While there is dispute among the witnesses, the county court was the trier of fact and the credibility of witnesses was for it to determine. Having found that the repairs were to the floor and sewer line, and not to the roof or walls, the conclusion follows that repairs were within the "maintenance costs and expenses" provision of the lease, and not within the exception thereto.

Our holding that the county court correctly entered judgment for the plaintiff pursuant to findings made and conclusions reached makes it unnecessary to review issues raised as to the action of the circuit court in seeking to transform an action in contract into an action for negligence. If a change of sex operation was not necessary, it is not required that we determine if the circuit court's effort to perform one was successful. The surgical analogy is not precise, for here we can return to the status quo as it existed when the county court entered judgment, treating the circuit court effort to change the basic character of the lawsuit as an unnecessary intervening event, harmless in any event because it did not affect the judgment entered in the county court.

The county court granted judgment to the plaintiff, following the route of contract law to find the defendant

responsible as he was alleged to be in the complaint. The circuit court affirmed that judgment but took a different route, that of responsibility for damage caused by one's negligence, to reach the same destination. Holding that the county court followed the right road to the result reached, it is the result also reached by the circuit court, not the road travelled by to get there, that we affirm.

*By the Court.*—Judgment affirmed.